

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DAVID EMMANUEL LUCAS,<br><br>Plaintiff,<br><br>vs.<br><br>SAM JOVANOVICH, TAYLOR CUNNINGHAM, KEN ARNOLD, SGT. WOHLMAN, LEROY KIRKEGARD, and DAN HUNTER,<br><br>Defendants. | CV 15–76–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 9, 2016, recommending that Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be denied. Defendants timely filed objections and are therefore entitled to de novo review of those Findings and Recommendations to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court

-1-

is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons stated below, the Court will adopt Judge Johnston's recommendation to deny the motion to dismiss, but will modify his findings as to the basis for the denial.

## I. Factual and Procedural Background

Pro se Plaintiff David Emmanuel Lucas ("Lucas") filed a Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment right to be free from cruel and usual punishment. Lucas is an inmate at the Montana State Prison ("MSP"). In his Complaint, Lucas contends that he was seriously injured when he fell approximately eight to ten feet down an unmarked open shaft.

According to the Complaint, Lucas was ordered by Defendant Taylor Cunningham ("Officer Taylor")[1] to gather some supplies and laundry in an unlit area known as the "Wire Room." (Doc. 2 at 6.) This room contained a shaft that opened to the lower level of the prison and was designed to be covered by a metal plate. The Complaint states that Officer Taylor "was in a hurry" and told him to

---

[1] Lucas also refers to Defendant Taylor Cunningham as CO Taylor. Defendants provide that the allegations in the Complaint are actually against Correctional Officer Ryan Taylor. Nonetheless, Defendants maintain that Lucas fails to state a claim against either Cunningham or Taylor.

"please be quick and hurry up before [Lucas] had gotten to the Wire Room." (*Id.*) Unbeknownst to Lucas, a maintenance supervisor, Defendant Dan Hunter ("Hunter"), left the shaft uncovered while working in a nearby area. Lucas then entered into the dark room and fell through the open shaft, injuring his back, left knee, left hip, left shoulder, left wrist, and fracturing his left elbow. Lucas alleges that the shaft contained no safety measures, such as a chain or warning signs indicating the hazard, and that inmates were ordered to work in this unlit area with little or no supervision. Lucas further maintains that all Defendants were aware of this safety hazard either through personal knowledge or second hand information, such as reports from staff or inmates.

On August 10, 2015, Lucas filed a Complaint in this Court and Magistrate Judge John Johnston was assigned to conduct all pre-trial matters. In December of 2015, Judge Johnston issued an order stating that,

> The Court has considered whether Mr. Lucas's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Lucas has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants must respond to the Complaint.

(Doc. 6 at 1.)

Following the December 2015 Order, Defendants moved to dismiss the

Complaint for failure to state a claim. Judge Johnston issued Findings and Recommendations recommending that the undersigned deny the motion. In support of this recommendation, Judge Johnston noted that Lucas's Complaint had already been screened for failure to state a claim and a determination had been made that sufficient facts were alleged to state a claim upon which relief could be granted. Defendants now object to this recommendation and argue that Lucas's Complaint should be dismissed because the allegations in the Complaint fail to allege a claim of deliberate indifference under the Eighth Amendment and, instead, merely allege a claim of ordinary negligence.

## II. Analysis

Before turning to the merits of Defendants' motion to dismiss, the Court must first determine if the motion is moot in light of Judge Johnston's preliminary screening under 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### A. Preliminary Screening

The Prison Litigation Reform Act of 1995 ("PLRA") "details a court's obligation to dismiss a plaintiff's in forma pauperis complaint in three separate but interrelated provisions, 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c)." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 & n. 7 (9th Cir. 2000) (en banc)). Under § 1915A,

a district court must conduct a preliminarily review of an inmate's complaint against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a court finds that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted, or . . . seeks monetary relief from a defendant who is immune from such relief," the complaint must be dismissed. 28 U.S.C. § 1915A(b).

Similarly, § 1915(e)(2)(B) requires a district court to dismiss an inmate's in forma pauperis case "at any time . . . if the court determines that the action is (i) 'frivolous or malicious'; (ii) 'fails to state a claim on which relief may be granted'; or (iii) 'seeks monetary relief against a defendant who is immune from such relief.'" *O'Neal*, 531 F.3d at 1153. Further, pursuant to § 1997e, "any action brought with respect to prison conditions under section 1983 of this title," must be dismissed "if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

When determining if a complaint fails to state a claim on which relief may be granted under either §§ 1915A or 1915(e)(2), courts employ the same standard used to test the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to

state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") (citations omitted); *Lopez*, 203 F.3d at 1127 (9th Cir. 2000) ("The language of section 1915(e)(2), as it applies to dismissals for failure to state a claim, parallels the language of Federal Rule of Civil Procedure 12(b)(6).") (citation and quotation marks omitted). Thus, because the standard under 12(b)(6) is the same standard applied during preliminary screening under §§ 1915A and 1915(e)(2), it could be argued that a subsequent Rule 12(b)(6) motion is inappropriate, and to the extent that this is what the U.S. Magistrate Judge did in this case, it is understandable, particularly since there is no Ninth Circuit precedent directly on point.

Nevertheless, courts have examined this issue and have found that the screening procedures outlined in the PLRA do not relieve a district court of its obligation to hear a defendant's Rule 12(b)(6) motion on the merits. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (providing that 1915A's "screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring").[2] This

---

[2] The Court notes, however, that some courts view a motion to dismiss following initial pre-screening as little more than a motion for reconsideration. *Moreno v. Beddome*, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012) (treating the motion to dismiss as a motion for

view is supported by the rationale that not deciding a Rule 12(b)(6) motion on the merits following initial screening "would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings." *James v. Perez*, 2012 WL 5387676, at *2 (E.D. Cal. Nov. 1, 2012) (Ninth Circuit Judge Richard C. Clifton sitting by designation) (unreported). Though this view has not been adopted by the Ninth Circuit and is not, therefore, controlling authority, the rationale supporting it has been persuasive to other district courts. *Id.* at *2 (citing *Teahan*, 481 F. Supp. 2d at 1119–1120). Likewise, this Court finds this view persuasive and will review Defendants' motion to dismiss on the merits.

## B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009). This standard

---

reconsideration and providing that "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond"); *see also Manon v. Hall*, 2015 WL 8081945, at *3 (D. Conn. Dec. 7, 2015) ("Defendants' motion in effect seeks reconsideration of this Court's prior initial review order, but a party should pause before making such a request absent particularly compelling reasons such as 'mistake, inadvertence, surprise, or excusable neglect.'") (citing to Fed. R. Civ. P. 60(b)(1)). Additionally, at least one court takes the position that it is always inappropriate to move to dismiss following preliminary screening simply because the moving party views the complaint differently than the reviewing judge. *Manon*, 2015 WL 8081945 at *3 (stating that "a party should never move to dismiss claims that have already been dismissed or seek dismissal of claims that the Court has determined to be non-frivolous solely on the basis that the moving party disagrees"). Though this Court does not adopt this approach in this case, Defendants are cautioned, in the future, to move for dismissal wisely.

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Applying this standard, the Court must construe all factual allegations as true and "in the light most favorable to the non-moving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996). Further, pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, "[p]ro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted).

Lucas contends that Defendants were deliberately indifferent to this alleged safety hazard and violated his Eight Amendment right to be free from cruel and

unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). To sustain a claim of deliberate indifference, an inmate must show that the prison official was subjectively aware of an excessive risk to inmate health and safety, but disregarded that risk. *Id.* at 828, 837. Further, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Accordingly, a prison "official's failure to alleviate a significant risk that he should have perceived but did not" cannot serve as a basis for a claim of deliberate indifference. *Id.* at 838.

Defendants maintain that Lucas's Complaint fails to allege sufficient factual details to maintain a claim of deliberate indifference. Instead, Defendants argue, Lucas's Complaint merely states a claim of ordinary negligence. Defendants read the Complaint too strictly.

As stated above, the Court must construe Lucas's Complaint liberally and give him the benefit of any doubt as to whether he has alleged a claim of deliberate indifference to inmate health and safety. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to

afford the petitioner the benefit of any doubt.") (citation omitted). Here, the Complaint not only alleges that Defendants collectively knew about this safety hazard,[3] it also alleges facts against each individual Defendant.

For example, Lucas states that: (1) Defendant Sam Jovanovich had been in the Wire Room numerous times and knew about the safety hazard because he directly saw it and was also told about it by other inmates (Doc. 2 at 6.); (2) Defendant Officer Taylor had been in the Wire Room many times, knew of the hazard through direct knowledge, and subsequently ignored it (*Id.*); (3) Defendant Sgt. Wohlman, who was the unit supervisor when Lucas fell down the shaft, knew the shaft was open and a safety hazard, and ignored it (*Id.*); (4) Defendant Hunter, the maintenance worker on duty, left the hatch open, did not put any safety measures in place, knew inmates frequented that area of the prison unsupervised, and ignored the hazard (*Id.* at 7.); (4) Defendant Kirkegard, the Warden of MSP, was informed that the shaft was dangerous through reports by staff and inmates, but ignored those reports (*Id.* at 8.); and (5) Defendant Ken Arnold, the Director of Maintenance at MSP, knew about the safety hazards associated with the Wire

---

[3] "Defendants listed in this complaint all know about the safety hazzard [sic] of this unmarked shaft.... All defendants listed in this complaint have been told by both staff and inmates that this safety hazzard [sic] exists, but they were deliberately indifferent and purposely ignored same." (Doc. 2 at 6.)

-10-

Room through direct knowledge and through staff and inmate notifications, knew that inmates entered the room unsupervised, and deliberately ignored these safety concerns (*Id.*).

Accordingly, it could be reasonably inferred from the Complaint that all Defendants had subjective knowledge that this room was dangerous and posed an excessive risk to inmate health and safety, but deliberately ignored this risk. It could be further inferred that this was not the first time the shaft was left uncovered and other inmates have been exposed to this risk in the past. (*See Id.* at 7.) ("Defendant Hunter knew that the safety hazzard [sic] of leaveing [sic] the basement shaft door open existed on or before Plainitff Lucas fell down the basement shaft.") Lucas has alleged enough facts supporting a claim of deliberate indifference under the Eighth Amendment. The Court will adopt Judge Johnston's recommendation and deny Defendants' motion to dismiss. The body of the Findings and Recommendations will be modified and replaced by sections I and II of this Order.

Lastly, Lucas has moved the Court to compel Defendants' Answer to his Complaint. Defendants respond that the time to respond to the Complaint has been tolled pending the Court's ruling on their motion to dismiss. The Court agrees and will deny Lucas's motion to compel. However, because the Court will

deny the motion to dismiss, Defendants must now file their responsive pleading. Accordingly, Defendants will be given two weeks from the date of this Order to respond to the Complaint.

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 10) are ADOPTED in part and MODIFIED in part in accordance with the above Order.

(2) Defendants' Motion to Dismiss (Doc. 8) is DENIED. Defendants shall file their Answer to the Complaint on or before June 24, 2016.

(3) Plaintiff's Motion to Compel (Doc. 15) is DENIED.

DATED this 10th day of June, 2016.

Dana L. Christensen, Chief Judge
United States District Court